```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARIA ELENA MORENO, personal
representative of the Estate of Abel
G. Dominguez, MARIA ANA LOPEZ, in
her capacity as guardian of minor
children A.A.D. and A.D.,

                Plaintiffs,

vs.                             Case No.  2:09-cv-566-FtM-29DNF

YOUNGQUIST BROTHERS, INC., a Florida
corporation, BREITBURN FLORIDA, LLC,
a California limited liability
company,

                Defendants.
_____

## OPINION AND ORDER

    This matter comes before the Court on Defendant Youngquist Brothers, Inc.'s Dispositive Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #28) filed on May 25, 2010.  Also before the Court is Defendant Breitburn Florida LLC's Dispositive Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #29) filed on May 28, 2010.  Plaintiffs filed a Response to both Motions (Doc. #31) on June 23, 2010.  Because the Complaint fails to properly allege subject matter jurisdiction, and the facts alleged actually establish a lack of subject matter jurisdiction, the motions will be granted.

    Plaintiffs Maria Elena Moreno (plaintiff or Moreno), in her capacity as Personal Representative of the Estate of Abel G. Dominguez (Dominguez), and Maria Ana Lopez (Lopez), in her capacity

as Guardian to the minor children of Dominguez, filed an eight-count complaint (Doc. #1) against defendants Youngquist Brothers, Inc. (Youngquist), and Breitburn Florida, LLC. (Breitburn), setting forth a variety of state law claims.  Plaintiffs premise federal jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  (Doc. # 1, ¶ 9.)

Federal jurisdiction based upon diversity of citizenship requires complete diversity and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  "Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  This means that the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  Plaintiffs have not only failed to plead complete diversity of citizenship, the Complaint establishes the lack of complete diversity of citizenship.

The citizenship of a personal representative is deemed to be the same State as the decedent, and the citizenship of a guardian is deemed to be the same state as the infant. 28 U.S.C. § 1332(c)(2). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted). The Complaint fails to allege the citizenship of either the decedent or the children, although it does indicate the residences were Florida (Doc. #1, ¶¶ 1, 5-6) as an apparent basis for Florida citizenship.

The Complaint also fails to fully allege the citizenship of the corporate defendant. The Complaint alleges that Youngquist Brothers, Inc. is a Florida corporation doing business in Lee and Collier Counties, Florida (id. at ¶ 7), which makes it a citizen of Florida. A corporation is also a citizen of the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Complaint fails to allege the principal place of business,

although this omission is fairly academic in light of the fact that the corporation as pled is a citizen of Florida.

Finally, the Complaint also fails to allege the citizenship of Breitburn Florida, LLC. A limited liability company is a citizen of every state in which one of its members is located. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.</u>, 374 F.3d 1020 (11th Cir. 2004). The Complaint contains no allegations as to the members of the LLC or their citizenship.

Because both plaintiffs and at least one defendant are citizens of Florida, there is not complete diversity. Because there is not original federal jurisdiction, there can be no supplemental jurisdiction under 28 U.S.C. § 1367. <u>Exxon Mobile</u>, 545 U.S. at 554.

It may be possible to amend the complaint to properly assert jurisdiction over at least one defendant, if plaintiffs desire to proceed in federal court as to that single defendant. Therefore, pursuant to 28 U.S.C. § 1653 the Court will give plaintiffs the opportunity to file an amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Youngquist Brothers, Inc.'s Dispositive Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #28) is **GRANTED.**

2.  Defendant Breitburn Florida, LLC's Dispositive Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #29) is **GRANTED**.

3.  The Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to sufficiently allege subject-matter jurisdiction.

4.  Plaintiffs may file an amended complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.  Failure to do so will result in closing of the file without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of June, 2010.

                                                JOHN E. STEELE
                                                United States District Judge

Copies:
Counsel of record