```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

MARIA ELENA MORENO, personal representative of the Estate of Abel G. Dominguez, MARIA ANA LOPEZ, as guardian for A.A.D. and A.D., minor children of the deceased

        Plaintiffs,

vs.                      Case No.   2:09-cv-566-FtM-29DNF

BREITBURN FLORIDA, LLC, a California limited liability company, United States of America

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant, Breitburn Florida, LLC's (Brietburn or defendant) Dispositive Motion To Dismiss for Lack of Subject Matter Jurisdiction (Doc. #53) filed on March 3, 2011. Plaintiff filed a Response (Doc. #65) on April 27, 2011. After leave was granted, Breitburn filed a Reply (Doc. #68) on May 9, 2011.

Subject-matter jurisdiction in the Third Amended Complaint (Doc. #48, ¶4) is premised on diversity of citizenship under Title 28, United States Code, Section 1332. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "Since Strawbridge v. Curtiss, 7 U.S. 267,

3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). As this Court has stated before in this case, a limited liability company is a citizen of every state in which one of its members is located. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004). A partnership is a citizen of each state in which any of its partners, limited or general, are citizens. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

Plaintiffs allege that defendant Breitburn Florida, LLC is "a citizen of Delaware" and is comprised and owned by Breitburn Operating LP, also a "citizen of Delaware," which is comprised of Breitburn Operating GP, LLC, which in turn is comprised of Brietburn Energy LP. (Id. at ¶10.) Plaintiff then lists the "managing members" of Breitburn Energy LP and Breitburn GP LLC. (Id.) Plaintiff then admits that there are other members of the limited liability company who are not listed. (Id. at ¶11.) Plaintiff argues that because "at least one of the current managing members is a citizen of another state . . ." that diversity

jurisdiction is proper.  (Id.)  This, of course, is incorrect, since complete diversity of citizenship is required.

Plaintiffs have not sufficiently alleged the citizenship of the defendant, and therefore have not sufficiently alleged diversity jurisdiction.  A conclusory allegation that there is diverse citizenship is insufficient, particularly in this case where it is apparent that such an assertion would not withstand the requirements of Fed. R. Civ. P. 11(b).  Because plaintiffs have failed in their third attempt to assert diversity jurisdiction, the Court does not have subject matter jurisdiction over their claims. The Court will grant plaintiff's request for an additional 90 days to establish the citizenship of defendant and, if appropriate, file a fourth amended complaint.  The Court will not grant any further extensions, and will not grant leave to file any additional complaints if the new pleading is insufficient.

Accordingly, it is now

**ORDERED**:

1. Defendant, Breitburn Florida, LLC's Dispositive Motion To Dismiss for Lack of Subject Matter Jurisdiction (Doc. #53) is **GRANTED**, and plaintiffs' Third Amended Complaint (Doc. #48) is **dismissed without prejudice** for failure to sufficiently allege subject-matter jurisdiction.

2. Plaintiffs may file a Fourth Amended Complaint within **NINETY (90) DAYS** from the date of this Opinion and Order *if*

complete diversity of citizenship can be and is properly alleged. Failure to file a fourth amended complaint within the allotted time will result in the closing of the file without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record