```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

MARIA ELENA MORENO, personal representative of the Estate of Abel G. Dominguez[1],

          Plaintiff,

vs.                                        Case No. 2:09-cv-566-FtM-29DNF

BREITBURN FLORIDA, LLC, a California limited liability company, United States of America

          Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant, Brietburn Florida, LLC's (Brietburn or defendant) Dispositive Motion to Dismiss Plaintiffs' Fourth Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. #72) and Motion to Dismiss Count V of Plaintiff's Fourth Amended Complaint for Failure to State a Claim for Which Relief can be Granted (Doc. #71) both filed on September 20, 2011. Plaintiff, Maria Elena Moreno, personal representative of the Estate of Abel G. Dominguez (Moreno or plaintiff) filed a response (Doc. #77) on October 17, 2011. For the reasons set forth

---

[1] The Corrected Fourth Amended Complaint voluntarily dismisses all claims brought by Maria Ana Lopez, as guardian for A.A.D. and A.D., minor children of the deceased (see Doc. #84, p. 20) and therefore she has been removed from the caption of this case.

below, the Motion to Dismiss Plaintiff's Fourth Amended Complaint is granted and the Motion to Dismiss Count V is denied as moot.[2]

**I.**

This matter was first filed on August 28, 2009, by Maria Elena Moreno, as personal representative of the Estate of Abel G. Dominguez and Maria Ana Lopez as guardian for the minor children of the deceased, A.A.D. and A.D. (Doc. #1.) Following two motions to dismiss for lack of subject matter jurisdiction (Docs. ##28, 29) the Court dismissed the Complaint without prejudice for failure to adequately plead the citizenship of both the plaintiff and the defendant thereby failing to demonstrate subject matter jurisdiction. (Doc. #32). Plaintiffs were given an opportunity to amend the Complaint and did so on August 14, 2010. (Doc. #36.) Following two pending motions to dismiss for lack of subject matter jurisdiction (Docs. ##37, 38), the Court issued an Order (Doc. #44) directing a response which was filed on February 9, 2011. (Doc. #46.) Therein, plaintiffs moved to amend their Complaint and attached a proposed Third Amended Complaint. (Doc. #46-2.) The Court noted that both the Amended Complaint and the proposed Third Amended Complaint failed to properly allege the citizenship of the individual members of defendant Breitburn Florida, LLC.

---

[2]Plaintiff has also filed an Unopposed Motion for Oral Hearing Pursuant to Local Rule 3.01(j) (Doc. #78). The Court finds an oral hearing unnecessary. Therefore, this motion is denied.

Nevertheless, the Court granted leave to amend but warned that this would be the final opportunity. (Doc. #47.)

On June 9, 2011, plaintiff filed a Third Amended Complaint. (Doc. #48.) Following another motion to dismiss for lack of subject matter jurisdiction (Doc. #53), the Court dismissed the Third Amended Complaint for failure to properly allege the citizenship of the defendant. Despite its earlier warning, the Court granted plaintiff's request for an additional 90 days to establish the citizenship of defendant and, if appropriate, to file a fourth amended complaint. In dismissing the Third Amended Complaint, the Court admonished plaintiff that "[t]he Court will not grant any further extensions, and will not grant leave to file any additional complaints if the new pleading is insufficient." (Doc. #69, p. 3.)

On September 8, 2011, a Fourth Amended Complaint was filed. (Doc. #70.) The Fourth Amended Complaint contained thirteen (13) exhibits which purported to demonstrate that plaintiff has adequately pled the citizenship of defendant. On July 23, 2012, the Court issued an Order (Doc. #83) requiring the plaintiff to file a Corrected Fourth Amended Complaint noting the numerous typographical errors, that it purported to have five counts yet completely omitted count two, and that it was unclear whether Youngquist Brothers, Inc. was intended as a defendant.

On July 30, 2012, a Corrected Fourth Amended Complaint was filed. (Doc. #84.) In addition to correcting the numerous typographical errors, the corrected document makes clear that Youngquist Brothers, Inc. is not a defendant in this matter. The corrected document also drops Maria Ana Lopez, in her capacity as guardian of minor children A.A.D. and A.D., as a plaintiff and the previously asserted claim for loss of parental succor and support, which the incorrect Fourth Amended Complaint alleged in Count V. Accordingly, the motion to dismiss Count V of the Fourth Amended Complaint is denied as moot.[3]

Accordingly, the Corrected Fourth Amended Complaint, now the operative pleading in this matter, is brought solely by Maria Elena Moreno, in her capacity as the duly appointed personal representative of the Estate of Abel G. Dominguez against Breitburn Florida, LLC. The corrected Fourth Amended Complaint asserts the following state law causes of action against defendant: wrongful death (Count I); negligent retention, supervision and control by an employer (Count II); and negligent selection/hiring/retention of

---

[3]The Court notes that plaintiff failed to attach the 22 exhibits contained in the incorrect Fourth Amended Complaint to the corrected Fourth Amended Complaint. However, such documents are incorporated by reference and therefore will be considered by the Court. (See Doc. #84, ¶6.)

sub-contractor (Count III). Jurisdiction is premised on diversity, pursuant to 28 U.S.C. 1332.[4]

**II.**

This brings the Court, at long last, to the subject motion in which defendant alleges that despite numerous attempts, plaintiff has again failed to adequately plead the citizenship of the parties. Plaintiff asserts that its pleading is adequate and contends that, if it is not, it should be provided with the opportunity to conduct discovery to properly plead diversity jurisdiction.

As this Court has stated on numerous occasions, subject-matter jurisdiction premised on diversity of citizenship under Title 28, United States Code, Section 1332 requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "Since Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete

---

[4]Plaintiff also incorrectly asserts original jurisdiction by stating that this matter falls under the United States Constitution and because the alleged torts occurred on federal land. Plaintiff does not identify which portion of the Constitution her claims fall under, and the Court finds that there are no constitutional claims asserted here. In addition, a tort which simply occurs on federal land is not enough to invoke this Court's original jurisdiction as a case or controversy "arising under" federal law. 28 U.S.C. § 1331.

diversity between all plaintiffs and all defendants." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005).

Although plaintiff asserts that the defendant, rather than plaintiff, should be required to prove that its members are not diverse from plaintiff, in an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. <u>King v. Cessna Aircraft Co.</u>, 505 F.3d 1160, 1171 (11th Cir. 2007). There is simply no legal basis to place the burden on defendant to prove that this Court has subject matter jurisdiction.

Plaintiff has not met her burden of adequately pleading both her own citizenship and that of the defendant. Plaintiff pleads that she brings this lawsuit in her capacity as the personal representative of the estate, which was "opened in Hendry County, Florida." (Doc. #84, ¶84.) Plaintiff seemingly attempts to suggest that citizenship of a personal representative is based on where the estate has "been opened." This, of course, is incorrect. Instead, as this Court has previously stated (<u>see</u> Doc. #32, p. 3), the citizenship of a personal representative is deemed to be the same State as the decedent, here Abel G. Dominguez. <u>See</u> 28 U.S.C. § 1332(c)(2)("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ."). The corrected Fourth Amended Complaint provides absolutely no indication as to Abel G. Dominguez's citizenship.

Without this information, the Court is without any basis to make a determination that plaintiff is diverse from the defendant. This is fatal to the cause of action and the Court dismisses the Fourth Amended Complaint for this basis.

Even if plaintiff had adequately pled the citizenship of the decedent, the Court would still find that the Corrected Fourth Amended Complaint fails to plead the citizenship of Breitburn Florida, LLC. The citizenship of a partnership is not determined by the state of organization and principal place of business, as with a corporation, but rather by the citizenship of each of its general and limited partners. See Carden v. Arkoma Assoc., 494 U.S. 185 (1990). Therefore, plaintiff's allegations related to the defendant's and its various entities' state of organization and principal place of business are irrelevant. Instead, a limited liability company is a citizen of every state in which one of its members is located. Rolling Greens MHP. L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004).

Brietburn, Florida, LLC is a multi-layered entity. According to the Corrected Fourth Amended Complaint, Breitburn, Florida, LLC is a limited liability company which is comprised and owned by Breitburn Operating L.P. Breitburn Operating L.P., in turn, is comprised of Breitburn Operating GP, LLC, which is owned and comprised of Breitburn Energy Partners, L.P. It is alleged that Breitburn Energy L.P. has four "managing members", three of whom

are individuals and one of whom is a Limited Liability Company, Breitburn GP, LLC.  Breitburn GP, LLC is managed by Breitburn Management, LLC, which has seven "managing members" all of whom are individuals.  (See Doc. #84, ¶¶9-11.)

The Court first notes that the Fourth Amended Complaint states that "Breitburn Energy, L.P." has four "managing members."  Limited Partnerships are comprised, of course, of partners, rather than members.  In that respect, the pleading is deficient.  Even excusing the improper terminology, and assuming that the four "members" are in fact, "partners", the citizenship of this entity remains deficiently pled.  According to the documents attached to the Complaint, Breitburn Energy Partners LP is an entity that is publicly traded on the NASDAQ, under the ticker symbol BBEP. (Doc. #70-3, p. 1.)  Thus, the citizenship of all limited partners must also be pled.

Plaintiff has admittedly failed to do so, and contends that because the burden of establishing the citizenship of every member or partner in a multi-layered entity is substantial, the Court should not require plaintiff to plead the citizenship of the defendant with such specificity.  Several courts that have considered the issue have expressly rejected this argument. See e.g. Inergy Propane, LLC v. Case Lortz & Sons Mfg. Co., 2010 WL 3034196 (N.D. Ill. Aug. 2. 2010)(finding that the defendant, a publicly traded limited partnership with approximately 42,000

limited partners/unit holders is a citizen of every state in which any of its limited partners is a citizen); <u>Weinstein v. Sleepy's Inc.</u>, 2008 WL 1809340 at *1 (D.N.J. April 22, 2008)(citing <u>Belleville Catering Co. v. Champaign Mkt. Place</u>, 350 F.3d 691, 693)(in evaluating the membership of an LLC, each membership layer of a limited liability company must be analyzed to determine its citizenship); <u>Burford v. State Line Gathering System, LLC</u>, 2009 WL 2487988 (W.D. La. Aug. 12, 2009)("[i]f the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be."); <u>Moran v. Gulf South Pipeline Co., L.P.</u>, 2007 WL 276196 (W.D. La. Jan 25, 2007)("[t]racing the layers of citizenship is often complex in multi-tiered entities . . . but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities")(collecting cases).  The Court joins these district courts for to do otherwise would not adequately respect the principal that a federal court is a court of limited jurisdiction which must be established by the party invoking jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Plaintiff's Unopposed Motion for Oral Hearing Pursuant to Local Rule 3.01(j) (Doc. #78) is **DENIED.**

2. Defendant, Brietburn Florida, LLC's Assented to Motion to Dismiss Count V of Plaintiffs' Fourth Amended Complaint for Failure to State a Claim for Which Relief May be Granted [Dispositive as to Count V Only] is **DENIED AS MOOT**.

3. Maria Ana Lopez, as guardian for A.A.D. and A.D., minor children of the deceased, is voluntarily dismissed as a plaintiff.

4. Defendant, Brietburn Florida, LLC's Dispositive Motion to Dismiss Plaintiffs' Fourth Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. #72) is **GRANTED** and the Corrected Fourth Amended Complaint (Doc. # 84) is **DISMISSED**. No further amendments will be allowed.

5. The Clerk is directed to enter judgment accordingly and close the file. The Clerk is further directed to terminate all previously scheduled deadlines and pending motions.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of August, 2012.

JOHN E. STEELE
United States District Judge

Copies:

Counsel of record